IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES LOUIS JONES,

        Petitioner,

v.

STEVE FRANKE,

        Respondent.

2:11-cv-01527-KI

OPINION AND ORDER

Thomas J. Hester
Assistant Federal Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Nick M. Kallstrom
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096

    Attorneys for Respondent

KING, Judge

1 -- OPINION AND ORDER

Petitioner, an inmate at Two Rivers Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

On December 9, 2003, petitioner was indicted for the murder of Stephen Floyd. Resp. Exh. 103. At trial, petitioner admitted to shooting Mr. Floyd, but defended against the murder charge on the basis that, at the time of the shooting, he was suffering from an extreme emotional disturbance (EED). Resp. Exh. 104 at 2. The jury rejected petitioner's EED defense, and convicted him of murder. Resp. Exh. 129. Petitioner was sentenced to life imprisonment, with the possibility of parole in 25 years. Resp. Exhs. 101. Petitioner filed a direct appeal, alleging that the trial court erred in denying his motion to exclude evidence. Resp. Exh. 104. The Oregon Court of Appeals affirmed, without opinion, and the Oregon Supreme Court denied review. State v. Jones, 224 Or. App. 686, 200 P.3d 181 (2008), rev. denied, 346 Or. 364 (2009).

Petitioner subsequently sought state post-conviction relief, alleging ineffective assistance of counsel in twelve particulars, including the failure to adequately present a defense of EED. Resp. Exh. 110 at 3 & 130 at 7-8 & 14. The post-conviction trial court rejected petitioner's claims, specifically holding that counsel adequately presented the EED defense, but that the prosecution had significant counter evidence. Resp. Exh. 131 at 2.

2 -- OPINION AND ORDER

On appeal, appellate counsel filed a <u>Balfour</u> brief, which petitioner did not supplement. Resp. Exh. 132; <u>see</u> <u>State v. Balfour</u>, 311 Or. 434, 814 P.2d 1069 (1991). The Oregon Court of Appeals affirmed, without opinion, and the Oregon Supreme Court denied review. <u>Jones v. Franke</u>, 244 Or. App. 693, 258 P.3d 538, <u>rev. denied</u>, 351 Or. 254 (2011).

In the instant proceeding, petitioner alleges that trial counsel rendered ineffective assistance of counsel by failing to (1) properly investigate witnesses; (2) prepare petitioner for trial; (3) adequately present an EED defense; and (4) adequately object at trial.

## DISCUSSION

Respondent moves the court to deny habeas relief on the basis that all of petitioner's habeas claims are procedurally defaulted as a result of petitioner's failure to raise the claims on appeal from the denial of post-conviction relief. <u>See</u> 28 U.S.C. §2254(b)(1); <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991). Respondent notes that although the claims were appropriately raised in the initial-review state post-conviction proceeding, petitioner did not raise any issue relating to the adequacy of counsel on appeal therefrom, or in his petition for review to the Oregon Supreme Court.

In response, petitioner argues that his ineffective assistance of counsel claim(s) should be considered by this court because "the

3 -- OPINION AND ORDER

short-coming of counsel in the post-conviction process was not with *appellate* counsel" but rather with "post-conviction *trial* counsel who was ineffective in not establishing the facts that mandate relief under Strickland." Pet.'s Brief at 2-3 (emphasis added). Petitioner reasons that due to post-conviction counsel's ineffectiveness, his "*evidentiary default*" is excused under Martinez v. Ryan, 132 S.Ct. 1309 (2012). Pet.'s Brief at 3.

In Martinez v. Ryan, the Supreme Court held that ineffective assistance of counsel in an *initial-review* state collateral proceeding may provide cause to excuse the procedural default of an ineffective assistance of trial counsel claim, provided that the defaulted claim is "substantial." 132 S.Ct. at 1318-20. The holding in Martinez is not an independent basis for overturning a conviction, but rather an equitable rule that allows a federal court to decide a habeas claim that was procedurally defaulted in the initial-review state post-conviction proceeding. Id. at 1312.

Martinez does not support the conclusion that petitioner should be permitted to expand the factual record in order to support his ineffective assistance of counsel claims *which were raised and rejected in the initial-review state post-conviction proceeding*. Because the claims were raised in the initial post-conviction proceeding, and were rejected by the state post-conviction court on the merits, Martinez has no bearing on the resolution of this case. Whiley v. Mills, 2013 WL 840084 *8 (D.Or.

4 -- OPINION AND ORDER

Mar. 4, 2013); Moore v. Mitchell, 708 F.3d 760, 785 (6th Cir. 2013); see also Lopez v. Ryan, 678 F.3d 1131, 1137 (9th Cir. 2012) (declining to decide whether Martinez could be expanded to include ineffective assistance of post-conviction counsel in failing to develop the factual basis of a claim); cf. Martinez, 132 S.Ct. at 1320 (clarifying that its holding does not concern attorney errors in appeals from initial-review collateral proceedings).

Further, I reject petitioner's suggestion that his ineffective assistance of counsel claims were not exhausted (i.e., not fairly presented) because post-conviction counsel failed to present sufficient *evidence* to prevail on the claims in the initial-review post-conviction proceeding.  Admittedly, the Ninth Circuit has recognized that new evidence not presented to the state court may give rise to a claim *so clearly distinct* from the claim raised in state court that it may fairly be said that the state court had no opportunity to pass on it.  Schad v. Ryan, 2013 WL 791610 (9th Cir. Feb. 26, 2013), rev'd on other grounds, 133 S.Ct. 2548 (2013); Dickens v. Ryan, 688 F.3d 1054, 1070 (9th Cir. 2012), reh'g en banc granted, 704 F.3d 816 (9th Cir. 2013).

In the instant proceeding, however, petitioner offers no new evidence to support a conclusion that petitioner's current ineffective assistance of counsel claims (for failure to adequately present an EED defense) are somehow distinct from the ineffective assistance of counsel claims raised before the state post-

5 -- OPINION AND ORDER

conviction trial court. Merely bolstering the evidentiary basis for a claim does not transform a previously adjudicated *Strickland* claim into a new claim free from the restrictions of 28 U.S.C. § 2254(e)(2). Schad v. Ryan, 709 F.3d 855, 858-60 (9th Cir. 2013) (dissent from denial of reh'g. *en banc*). To hold otherwise would permit a petitioner to circumvent the Supreme Court's holding in Cullen v. Pinholster, 131 S.Ct. 1388 (2011),[1] whenever a post-conviction court rejects a constitutional claim due to lack of evidentiary support. Schad, 709 F.3d at 857-59. Further, it is important to note that petitioner has *not* presented any new evidence to support his argument that his ineffective assistance of counsel claims are distinct from those raised in the state post-conviction proceeding. Rather, petitioner seeks an evidentiary hearing to develop evidence to support his procedurally defaulted claims.

Based on the foregoing, petitioner's habeas petition is denied because petitioner procedurally defaulted all of his ineffective assistance of counsel claims by failing to raise them on appeal from the denial of post-conviction relief. Petitioner has not demonstrated cause and prejudice sufficient to excuse his default, nor has he demonstrated that a fundamental miscarriage of justice

---

[1] In Cullen v. Pinholster, the Supreme Court held that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. 131 S.Ct. at 1398.

will occur if this court fails to consider the defaulted claims. See Coleman, 501 U.S. at 750. Accordingly, habeas relief is precluded. Petitioner's request for an evidentiary hearing (to develop new evidence to support his procedurally defaulted claims) is denied.

### CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#3) is DENIED, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 5th day of August, 2013.

                                        Garr M. King
                                        United States District Judge

7 -- OPINION AND ORDER